ALBERT H. THAXTER and others *vs.* MELVILLE JOHNSON.

Penobscot.    Opinion April 14, 1887.

*Insolvent law.    Composition.    Discharge.*  R. S., c. 70, § 62.

In composition proceedings under the insolvent law, a discharge granted to a debtor is not valid if any material statement contained in the affidavit or schedule of the debtor named in R. S., c. 70, § 62 is false, and known to be so to the debtor.

In such case the discharge is no bar to a recovery of any balance which a creditor may show to be due him from the debtor, in an action brought within the two years named in that section.

ON report.

Assumpsit on an account annexed.

It was agreed that there was due the plaintiffs the sum of nine hundred and eleven dollars and ninety-one cents and interest from May 22, 1884, the date of the writ, unless the claim sued upon was barred by the discharge in insolvency.

The facts affecting the discharge in insolvency are sufficiently stated in the opinion.

*Wilson and Woodward,* for the plaintiffs cited : R. S., c. 70 § 62 ; *Hopkins* v. *Ellis*, 1 Salk. 110 ; *Colkett* v. *Freeman*, 2 T. R. 59 ; Hilliard, Bankruptcy, 24 ; Robinson, Bankruptcy, 95 ; *Blodgett* v. *Hildreth*, 11 Cush. 311 ; *Paige* v. *Loring*, 1 Holmes, 275 ; *In re Goldschmidt*, 3 Bank. Reg. 164.

*Barker, Vose and Barker*, for defendant.

The oath required of the debtor before he can receive his discharge under composition proceedings is as follows, viz. : "I solemnly swear that I have not removed, concealed or secreted any money, paper, securities, effects or property, real or personal with intent, purpose or expectation of receiving, directly or indirectly, any benefit or advantage to myself, and that I have not changed or falsified any of my books of account, deeds or papers relating to my estate, and that I have not sold, pledged, conveyed or transferred any of my property or estate in anticipation of insolvency, or made any conveyance, mortgage, pledge, transfer or payment to any creditor or caused or procured any attachment of my property for preferring any of my creditors; and that I have not directly or indirectly, given to any creditor or other person, any compensation or promise of reward, except reasonable counsel fees for services or influence in effecting a compromise with my creditors, and that my assets and liabilities are correctly stated in the schedule hereto annexed and signed by me." R. S., c. 70, §62.

Upon taking this oath the debtor, if he produce the composition paper required by the same section, receives his discharge, but, "such discharge is not valid if the signature of any creditor has been obtained by fraud, or if any material statement contained in such affidavit or schedule is false, to the knowledge of the debtor making the same, and any creditor may within two years, sue for and recover the balance of his claim or debt against such debtor." R. S., c. 70, § 62.

We claim that the reasons which might be applicable to a discharge obtained in the regular course of insolvency, as set forth in § 46, c. 70, are not applicable to this case, as the method of proceeding to get the discharge annulled is entirely different. *Ex parte Haines*; *In re Hoyt*, 76 Maine, 394.

There was no secretion or concealment. The legal title remains in the insolvent until the assignment is made. *Hampton v. Rouse*, 22 Wall. 263.

The term "concealment" in the insolvent law implies something wilfully intentional. *In re Wilson*, 6 Law Rep. 272; *Dresser v. Brooks*, 3 Barb. 429.

FOSTER, J.   It was the evident design of the insolvent law of this state that all creditors of the same class should fare alike in the distribution of the debtor's property, and that no secret arrangement should be made whereby one creditor should obtain an advantage over another.

Fraud, in its various forms and under its different guises, appears to have been carefully guarded against by express enactment.   And while by § 62, relating to composition proceedings, the process is one specially provided by statute, and essentially different from ordinary proceedings, neverthelesss the object of these provisions is to guard the rights of creditors in matters of composition, and to see that there is a full and fair settlement, that nobody is deceived or defrauded, and that all fare equally. The affidavit which is required of the debtor before he can receive his discharge under these proceedings, among other stringent provisions against fraudulent transactions or preferences, prohibits the making of any payment to any creditor for the purpose of preference, or the giving, directly or indirectly, to any creditor or other person any compensation or promise of reward, except reasonable counsel fees for services or influence in effecting a compromise with his creditors.   For such services reasonable counsel fees alone are excepted, and payments for other services or to other persons are forbidden.   The intent of the law being that the remainder of the insolvent's property shall be distributed among his creditors, and that no inducements shall be offered to some of the creditors to sign away the rights of others.   Upon complying with the conditions pertaining to composition proceedings the debtor may receive his discharge, but it is expressly provided that "such discharge is not valid if the signature of any creditor has been obtained by fraud, or if any material statement contained in such affidavit or schedule is false, to the knowledge of the debtor making the same, and any creditor may within two years, sue for and recover the balance of his claim or debt against such debtor."

This suit is brought by a creditor within the two years named to recover the balance of his claim.   However stringent this remedy may appear, it is one provided by the special provisions

of the insolvent law pertaining to composition proceedings, and is allowed to any creditor who deems himself defrauded, (*Ex parte Haines*, 76 Maine, 394) or who may be able to show that any material statement contained in the affidavit or schedule of the debtor is false and known by him to be so. In such case the discharge is not valid. It is no bar to a recovery of any balance which the creditor may show to be due him from the debtor.

In this case a full report of the evidence is before us. The creditors were each to receive thirty-five per cent of their demands provided for by the composition. The evidence is plenary that instead of that one creditor actually received the sum of three hundred dollars and another the promise of one hundred and eighty-three dollars, in addition to the thirty-five per cent, as a compromise settlement, and that this was known by the debtor and acquiesced in by him. Nor were these the only parties who had or were to receive sums additional to the amount named in the composition agreement, as the testimony discloses.

Here was a preference, as well as a promise of reward, prohibited by the special provisions of the law invoked in behalf of the debtor. The statement under oath of the debtor in his affidavit was that he had not directly or indirectly given to any creditor or other person any compensation or promise of reward, except reasonable counsel fees for services or influence in effecting a compromise with his creditors. This statement was material and false to the knowledge of the debtor himself.

> *Judgment for plaintiff for the sum of $911.91, together with interest thereon from the date of the writ.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.